UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHAFIA JONES,                                     Case No. 16-CV-1427-PP

            Petitioner,

v.

DEANNE SCHAUB,

            Respondent.

---

**ORDER DENYING PETITIONER'S MOTION FOR ORDER FOR RELEASE PENDING *HABEAS CORPUS* DISPOSITION (DKT. NO. 10)**

---

On October 24, 2016, Shafia Jones filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. The petition claims that the court that convicted the petitioner did not have subject matter jurisdiction, that she is innocent, that her trial counsel was ineffective, that her conviction violated the Double Jeopardy clause, and that she was denied due process because she was denied a jury trial. Id. The deadline for the warden to answer or otherwise respond was January 17, 2017, dkt. no. 8; the warden has filed a motion to dismiss in lieu of a brief, dkt. no. 14, and the petitioner's opposing brief will be due on or before **Friday, January 27, 2017** (see dkt. no. 8 at 2). On December 6, 2016, however, the petitioner filed this motion, asking the court to release her pending the court's decision on her petition. Dkt. No. 10. The respondent has not filed a response to that motion.

In the motion, the petitioner asks the court to release her on personal recognizance without any bond. Id. at 1. She states that she has lived in

1

Wisconsin for over thirty-six years, and is not a flight risk. Id. She plans to live at home with her mother and seven children upon release, and states that she is not a threat to the community. Id. She also argues that her conditions of confinement violate the Constitution. (The petitioner has another pending case in this district, challenging the conditions of her confinement under 28 U.S.C. §1983. See Jones v. Fond du Lac County Jail et al, 16-cv-1156-WED.) The petitioner argues that she is likely to prevail on the merits of her *habeas* case for the reasons she states in her petition. Id. at 1-2.

"There is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised very sparingly." Cherek v. U.S., 767 F.2d 335, 337 (7th Cir. 1985); see Kramer v. Jenkins, 800 F.2d 708, 709 (7th Cir. 1986) (interpreting Cherek to allow federal district judges to grant bail both to state and federal petitioners); see also Bolante v. Keisler, 506 F.3d 618, 620 (7th Cir. 2007) ("Inherent judicial authority to grant bail to persons who have asked for relief in an application for habeas corpus is a natural incident of habeas corpus . . . . A judge ought to be able to decide whether the petitioner should be allowed to go free while his claim to freedom is being adjudicated.").

> A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly

> served by deferring execution of sentence till long after
> the defendant has been convicted.

Cherek v. U.S., 767 F.2d at 337. Thus, courts should consider the requirements of the federal statute for bail pending appeal for a federal conviction (18 U.S.C. §3143(b)) as a preliminary step in addressing the merits of a motion for release. Id. at 337-38 ("a defendant who cannot bring himself within [the terms of §3143(b)] is not entitled to bail pending … decision of his postconviction motion.")

Under 18 U.S.C. §3141(b), a court may allow release pending appeal only if it finds (A) "by clear and convincing evidence that the person is not likely to flee or pose a danger" to the community; and (B) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" a favorable determination.

At this point in the *habeas* process, the court cannot conclude that the petitioner's claims are "likely" to result in a favorable determination for her. The court reviewed the documents attached to her *habeas* petition and the relevant case dockets on the Wisconsin Court website. It appears that the petitioner may have procedurally defaulted her claims. The petitioner attached to her petition the Wisconsin Court of Appeals' order denying her state *habeas* petition; in that order, it stated that "[t]he direct appeal process is the proper means through which to obtain the relief Jones seeks." Dkt. No. 1-1 at 2. The petitioner's deadline to file a notice of direct appeal was September 7, 2016. See https://wscca.wicourts.gov/ (State v. Shafia M. Jones, Case No. 2016XX000935). Instead of filing a direct appeal, the petitioner pursued her

3

state *habeas* petition in the Wisconsin Supreme Court. See https://wscca.wicourts.gov/ (Shafia Jones v. Deanne Schaub, Case No. 2016AP001433). The Wisconsin Supreme Court denied the relief, *ex parte*. Id.

Under 28 U.S.C. §2254(b)(1)(A), federal courts cannot grant *habeas* relief unless the petitioner exhausts the available state court remedies. The petitioner failed to file a direct appeal. Neither in her petition, dkt. no. 1, nor in this motion for release, dkt. no. 10, did the petitioner explain the cause for her failure to file a direct appeal, or explain how she would be prejudiced if the court were to deny her petition despite her failure to appeal. Lewis v. Sternes, 390 F.3d 1019, 1026 (7th Cir. 2004) (finding that procedurally defaulted claims are barred from federal review unless the petitioner can demonstrate both cause and prejudice, or that denying the petition will result in a miscarriage of justice.) She does assert that she is actually innocent, making it a manifest injustice to detain her, but she does not provide facts to support the contention that she did not commit the crime. Dkt. No. 10 at 2. Accordingly, the court finds that the petitioner is unlikely to succeed on her *habeas* petition. Because the petitioner did not meet the preliminary step to obtaining release pending determination of her *habeas* petition, the court will deny the motion.

The court notes one other issue. On December 30, 2016, the court received a letter from the petitioner asking the court whether it received her motion for counsel and motion for release. Dkt. No. 13. The court has not received, either in this case or in the petitioner's §1983 case, a motion for appointment of counsel. Even if the petitioner had filed such a motion, she has

4

not made the threshold showing required by the law. Civil litigants do not have a constitutional or statutory right to appointed counsel, but the court has the discretion to request lawyers to represent indigent litigants in appropriate cases under 28 U.S.C. §1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007) (*en banc*); Lutrrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). A litigant first must make a reasonable attempt to obtain a lawyer on her own. Pruitt, 503 F.3d at 654-55; Zarnes, 64 F.3d at 288. The Seventh Circuit has not clearly defined the phrase "reasonable attempt to obtain counsel," but it has affirmed one court's requirement that the litigant provide the names and addresses of at least three attorneys that the litigant contacted and who turned her down. Romanelli v. Suilene, 615 F.3d 847, 852 (7th Cir. 2010). Thus, in order for the court to consider appointing counsel for the petitioner, she must file a motion demonstrating that she contacted at least three attorneys and that they turned her down. At that point, the court will decide whether the case is so complicated, both factually and legally, that the litigant does not appear able to handle the case herself. Pruitt, 503 F.3d at 654 (citing Farmer v. Hass, 990

5

F.2d 319, 322 (7th Cir. 1993)).

The court **DENIES** the petitioner's motion for order for release pending *habeas corpus* disposition. Dkt. No. 10.

Dated in Milwaukee, Wisconsin this 17th day of January, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge