UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAFIA JONES,                                    Case No. 16-cv-1427-PP

    Petitioner,

v.

ROBERT HUMPHREYS,[1]

    Respondent.

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION (DKT. NO. 14); DENYING WITHOUT PREJUDICE PETITION FOR A WRIT OF *HABEAS CORPUS* (DKT. NO. 1); AND DENYING AS MOOT ALL OTHER PENDING MOTIONS**

On October 24, 2016, Shafia Jones filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. She challenges her 2016 conviction on five grounds: (1) that the Fond du Lac County Circuit Court did not have subject matter jurisdiction over her case; (2) that she is innocent; (3) that her trial counsel was ineffective; (4) that her conviction violated the Double Jeopardy clause; and (5) that she was denied a jury trial. Id. The court screened the petition, and set a deadline for the respondent to answer. Dkt. No. 8. In lieu of an answer, the respondent filed a motion to dismiss for failure to exhaust state remedies (or, in the alternative, for procedural default). Dkt. No. 14. The parties have fully briefed the issues. The court will deny the petition.

---

[1] At the time the petitioner filed her petition, she listed the warden of Taycheedah Correctional Institution as Deanne Schaub. Dkt. No. 1. The current warden is Robert Humphreys.

1

## I. FACTUAL BACKGROUND

Charged with one count of armed robbery, one count of robbery of a financial institution, and two counts of bail jumping, the petitioner entered an Alford plea to the robbery charge, and the Fond du Lac County Circuit Court dismissed and read in the other two charges. Dkt. No. 15 at 2, 4. See North Carolina v. Alford, 400 U.S. 25 (1970) (holding that a court may accept a defendant's guilty plea even if it is accompanied by the defendant's protestations of innocence). Two days later, the circuit court allowed the petitioner to withdraw her plea. Id. At the state's request, however, the circuit court reconsidered that decision. Id. at 4-5. On January 22, 2016, the circuit court entered the judgment of conviction on the single count of robbery of a financial institution. Dkt. No. 15-6 at 1.

The circuit court sentenced the petitioner to serve four years of confinement, followed by six years of extended supervision. Id. Although the petitioner filed a notice of intent to appeal, dkt. no. 15 at 5, she never followed up by filing either a post-conviction motion or a direct appeal, id. at 6. When the petitioner's post-conviction counsel withdrew, the circuit court extended the petitioner's appeal deadline until September 7, 2016. Id. Again, the defendant failed to file an appeal, and the conviction became final on that date on September 7, 2016.

Although she never filed an appeal, however, the defendant filed multiple state *habeas* petitions. Dkt. Nos. 15-1, 15-2, 15-10. In a written order denying one of those petitions, the Wisconsin Court of Appeals stated that the "petition

must fail, as [the petitioner] has not demonstrated that she has no other adequate remedy available in law." Dkt. No. 15-8 at 2. Because the petitioner failed to pursue other available remedies aside from filing *habeas* petitions, the respondent asks the court to deny this federal petition for failure to exhaust state remedies. Dkt. No. 15 at 7-8. In the alternative, the respondent asks that if the court finds that the petitioner no longer has any state remedies, it deny the petition on the ground that the petitioner has procedurally defaulted on her claims. Id. at 7.

**II.    STANDARD**

Under 28 U.S.C. §2254(b)(1)(A), federal courts cannot grant *habeas* relief unless a petitioner first exhausts her available state court remedies. Generally, a court considers a claim exhausted only if a petitioner presents it through one "complete round of the State's established appellate review process." Woodford v. Ngo, 548 U.S. 81, 92 (2006) (citation omitted). But, "state-court remedies are [also] described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability." Id. at 92-93. Thus, "[a] specific claim is not considered exhausted if the petitioner 'has the right under the law of the State to raise, by any available procedure, the question presented.'" Brown v. Wisconsin, No. 14-C-0872, 2015 WL 631288, at *2 (E.D. Wis. Feb. 12, 2015), appeal dismissed (Mar. 13, 2015), certificate of appealability denied (June 25, 2015) (quoting 28 U.S.C. §2254). If a federal district court finds that a petitioner has not exhausted all of her state claims, it must dismiss the federal *habeas* petition without prejudice, to allow the petitioner to return to

3

state court. See Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose v. Lundy, 455 U.S. 509, 522 (1982); see 28 U.S.C. § 2254(b)(1)(A).

## III. DISCUSSION

The respondent argues that even though the petitioner filed various petitions for state writs of *habeas corpus*, she has not exhausted her claims in state court. Dkt. No. 15 at 7. The court agrees.

A petitioner cannot petition for a writ of *habeas* corpus in a Wisconsin state court without demonstrating "that there is no other adequate remedy available in the law." State ex rel. Krieger v. Borgen, 687 N.W.2d 79, 82 (Wis. Ct. App. 2004) (citing State ex rel. Haas v. McReynolds, 643 N.W.2d 771, 775-76 (Wis. 2002)). In situations where the petitioner failed to file a direct appeal or immediate post-conviction motion, Wis. Stat. §974.06 provides an alternative:

> After the time for appeal or postconviction remedy provided in s. 974.02 has expired, a prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Wis. Stat. §974.06(1). "The postconviction motion procedure under § 974.06 was designed to replace habeas corpus as the primary method in which a defendant can attack his conviction after the time for appeal has expired." State *ex rel.* Krieger, 687 N.W.2d at 82 (quoting State v. Escalona-Naranjo, 517

N.W.2d 157, 160 (Wis. 1994)) (internal citations omitted). A state inmate may make this type of motion "at any time." Wis. Stat. §974.06(2). So—in cases where an inmate did not file a post-conviction motion or direct appeal, the inmate may not file a state *habeas* petition under Wis. Stat. §782.01 until she first takes advantage of the post-conviction procedures under Wis. Stat. §974.06. State *ex rel.* Krieger, 687 N.W.2d at 82 .

Here, the petitioner failed to file a direct appeal, even though the state court directed her to before her time to appeal expired. Dkt. No. 15-8 at 2. Nor did she file a post-conviction motion. Instead, she filed several state *habeas* petitions. Dkt. Nos. 15-1, 15-2, 15-10. The petitioner still has an available remedy under state law—she still may file a motion under Wis. Stat. §974.06. Because she has that remedy available to her, this court must deny her *federal* petition.

This does not mean that the petitioner will never be able to file a *habeas* petition in federal court. But before she can come back to federal court, the petitioner first must file a post-conviction motion in Fond du Lac County Circuit Court, following the procedures in Wis. Stat. §974.06, and must obtain a ruling on that motion from the Fond du Lac County court.

The court notes that under 28 U.S.C. §2244(d)(1)(A), a petitioner must file a federal *habeas* writ within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Fond du Lac County Circuit Court entered judgment on January 22, 2016. Dkt. No. 15-6 at 1. Under Wis. Stat. §808.04(1), the

5

defendant had ninety (90) days within which to file an appeal—in other words, until April 21, 2016. Once the petitioner's post-conviction counsel withdrew, the court extended that deadline to September 7, 2016. Dkt. No. 15 at 5. One year from September 7, 2016 is September 7, 2017.

It appears, therefore, that the defendant has until at least September 7, 2017 to exhaust her state remedies and come back to federal court (if she needs to do so). There are some things that "toll," or pause, that one-year clock. The fact that the petitioner filed a petition for *habeas corpus* here in federal court, however, did not pause the clock. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). The petitioner may wish to do some research on whether any of her state *habeas* petitions stopped the clock; regardless of whether she does that nor not, it is probably best that the petitioner file her Wis. Stat. §974.06 motion as soon as possible.[2]

## IV. OTHER MOTIONS

Over the past several months, the petitioner has filed a number of other motions. Because the court is dismissing the petition, the court will deny the following motions as moot:

A. Motion to Stay Sentence (Dkt. No. 19): This motion asks for the same relief the petitioner requests in her petition. In addition, this court does not have the authority to "stay" a sentence imposed by a state court.

---

[2] Because the court agrees with the respondent that the petitioner has not exhausted her state remedies, it does not need to address the respondent's alternate ground for dismissal—procedural default.

6

B. <u>Motion to Void and Nullify Conviction (Dkt. No. 22); Motion for Order to Vacate Sentence (Dkt. No. 36)</u>: Again, these motions ask the court for the same relief the petitioner requested in her federal *habeas* petition.

C. <u>Motion to Reconsider Release Pending *Habeas Corpus* Writ (Dkt. No. 26)</u>: The petitioner previously filed a motion asking the court to release her pending its decision on the *habeas* petition. Dkt. No. 10. The court denied that motion, dkt. no. 16; the motion to reconsider reasserts what the petitioner has said in numerous other filings, and gives the court no reason to change its earlier decision.

D. <u>Motions for Evidentiary Hearing (Dkt. Nos. 27, 32)</u>: Because the court is dismissing the petition due to the petitioner's failure to exhaust her state remedies, this court will not schedule an evidentiary hearing.

E. <u>Motion to Appoint Counsel (Dkt. No. 28)</u>: It is within the court's discretion whether to appoint counsel. Because the court is dismissing the petition, it will not appoint counsel.

F. <u>Motion for Discovery (Dkt. No. 29)</u>: It is rare that a court grants a request for discovery in a *habeas* petition. In this case, the request is moot because the court is dismissing the petition.

G. <u>Motion for Order of Inquiry (Dkt. No. 31)</u>: The petitioner asked the court to update her on the status of its decision. The court has now provided the petitioner with its decision.

H. <u>Motion for Order to Nullify Conviction (Dkt. No. 33)</u>: This is the same request the petitioner made in her petition.

7

I. <u>Motion to Expedite the Disposition (Dkt. No. 34)</u>: The court has now issued its decision.

J. <u>Motion to Substitute Respondent (Dkt. No. 35)</u>: The petitioner indicates that the current warden of Taycheedah is Sarah Cooper (the petitioner named Deanne Schaub in the petition). The current warden is Robert Humphreys (interim); the court already has changed the name of the respondent, so this motion is moot.

## V. CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (internal quotation marks omitted). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." <u>Hall v. Pollard</u>, No. 14-C-793, 2014 WL 3728083, at *2 (E.D. Wis. July 28, 2014).

Because the petitioner did not appropriately exhaust her remedies in the state court before filing this petition, the court concludes that its decision to dismiss the petitioner's claims is neither incorrect nor debatable among jurists of reason.

VI. **ORDER**

The court **GRANTS** the respondent's motion to dismiss the petition. Dkt. No. 14.

The court **DENIES WITHOUT PREJUDICE** the petition for a writ of *habeas* corpus, dkt. no. 1, and **DECLINES** to issue a certificate of appealability.

The court **DENIES AS MOOT** the motions at Dkt. Nos. 19, 22, 26, 27, 28, 29, 31, 32, 33, 34, 35 and 36.

The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 8th day of May, 2017.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge