UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHAFIA JONES,  Case No. 16-cv-1427-pp

    Petitioner,

v.

SARAH COOPER[1],

    Respondent.

---

**ORDER DENYING PETITIONER'S MOTION TO AMEND JUDGMENT (DKT NO. 45), AND DENIES THE MOTIONS AT DKT. NOS. 46, 47, 48, 49, 59, 60, 62, 63, 64, 65, 67, 69, 75, 77, 78, 79, 82 AND 84**

---

## I. Background

On October 24, 2016, petitioner Shafia Jones filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. The respondent filed a motion to dismiss for failure to exhaust state remedies, dkt. no. 14, and the court granted that motion, dismissing the petition without prejudice on May 8, 2017. dkt. no. 41. The court noted that a petitioner still had an available remedy under state law; she could have filed a motion under Wis. Stat. §974.06. Id. at 5. In part, the court stated:

> This does not mean that the petitioner will never be able to file a *habeas* petition in federal court. But before she can come back to federal court, the petitioner first must file a post-conviction motion in Fond du Lac County Circuit Court, following the procedures in Wis. Stat. §974.06, and must obtain a ruling on that motion from the Fond du Lac County court.

---

[1] Sarah Cooper is the current warden of Taycheedah Correctional Institution.

1

Id. at 5.

About three weeks later, the petitioner filed a motion under Rule 59(e) of the Federal Rules of Civil Procedure, asking the court to alter or amend the judgment. Dkt. No. 45. She attached to the motion her Wis. Stat. §974.06 petition, as well as the Fond Du Lac County circuit court judge's denial of that petition. Dkt. No. 45-1. The judge's decision showed that the petitioner had filed her state-court petition on May 19, 2017, and that the judge had denied it on May 23, 2017. Id. at 1. In her Rule 59(e) motion, the petitioner argued that the court erred in dismissing her petition, because she is "both actually innocent and procedurally innocent," and because it took the court five months to rule on her motion to dismiss. Dkt. No. 45 at 5, 4.

The petitioner filed her Rule 59(e) motion on May 31, 2017. Dkt. No. 45. The following day—June 1, 2017—the court received three more motions from the petitioner: a motion for appointment of counsel (dkt. no. 46); a motion for an evidentiary hearing (dkt. no. 47); and a motion asking the court to expedite its ruling on her Rule 59 motion (dkt. no. 49). In addition to these motions, the petitioner filed a request for a copy of the docket (dkt. no. 50) and a request for copies of everything she had filed in the case (dkt. no. 51).

On June 12, 2017—twelve days after the court received her Rule 59 motion—the court received from the petitioner a notice of appeal. Dkt. No. 54. The petitioner had appealed the court's May 8, 2017 order dismissing her case, and had done so before receiving the court's ruling on her Rule 59(e) motion.

The next day—June 13, 2017—the court received from the petitioner a motion for a new judge (dkt. no. 59) and a motion to change venue (dkt. no. 60). Six days later, the court received the petitioner's motion to add parties (dkt. no. 62), her motion to produce copies of the record free of charge (dkt. no. 63); her amended Rule 59(e) motion (dkt. no. 64); her motion for summary judgment (dkt. no. 65); and her motion for judgment (dkt. no. 67). On June 28, 2017, the court receive another motion to change judge (dkt. no. 69), and a copy of a letter she sent to the chief judge of the court (dkt. no. 70). In mid-August and early September, the court received several letters from the petitioner (dkt. nos. 71, 72, 73, 74). On September 5, 2017, the court received another motion for summary judgment (dkt. no. 75). On September 15, 2017, the court received a motion to answer federal jurisdiction questions (dkt. no. 77); a motion to transfer the petitioner to another institution (dkt. no. 78); and an expedited motion for ruling on the Rule 59(e) motion (dkt. no. 79). Finally, she has filed a motion for a jury trial (dkt. no. 82) and another motion to substitute judge (dkt. no. 84). All told, in the four months since she filed her Rule 59(e) motion, the petitioner has filed seventeen (18) motions.

**II.     Discussion**

   A.     Rule 59(e)

Rule 59(e) allows a court to alter or amend a judgment if a party asks the court to do so no later than twenty-eight days after the judgment is entered. The court received the petitioner's Rule 59(e) motion twenty-three days after it entered judgment; her motion was timely filed.

3

The law, however, provides very specific grounds for granting a motion to alter or amend judgment. A court may grant such a motion "only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citation omitted). The petitioner in this case has not presented the court with any newly-discovered evidence. In order for the court to grant her motion, then, she must demonstrate a manifest error of law.

The petitioner argues that the court took five months to rule on the respondent's motion to dismiss (and on all the motions she had filed prior to the court's ruling). That delay does not constitute a "manifest error of law." "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). A five-month wait to receive a decision is not the wholesale disregard, misapplication or failure to recognize controlling precedent.

The petitioner argues that she has exhausted her remedies. It is true that the petitioner paid attention to the court's May 8, 2017 order, which told her that she could exhaust her remedies in state court by filing a Wis. Stat. §974.06 petition there. She filed that petition, the state court judge denied it on May 23, 2017, and she received his decision on May 26, 2017. Dkt. No. 45-1. She still has not exhausted her state remedies, however. She has not appealed the state court judge's decision. "Exhaustion is accomplished when claims have been presented to the highest state court for a ruling on the merits . . . ."

Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). The petitioner will not have exhausted her claim until she has appealed the state court judge's denial of her §974.06 petition all the way to the Wisconsin Supreme Court.

Even if the petitioner *had* now fully exhausted her state court remedies, she could not demonstrate that this court's May 8, 2017 decision that she had not exhausted her remedies constitute a manifest error of law. As of May 8, 2017, the petitioner had *not* exhausted her remedies; doing so after the fact does not mean that the court erred when it said she hadn't done so at the time of the decision.[2]

The petitioner argues that the court should grant her Rule 59(e) motion because she is actually innocent of the crime with which she was charged. The Supreme Court has held that actual innocence can be a "gateway" to federal *habeas* relief when a petitioner faces a procedural bar. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013) (citations omitted). But in order to take advantage of the actual innocence "gateway," a petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find [her] guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995).

---

[2] If and when the petitioner fully exhausts her state court remedies, she may file a *new habeas* case in federal court, as long as she does so within a year of the date on which her state appeal becomes final. See Gacho v. Butler, 792 F.3d 732, 735 (7th Cir. 2015) (finding that the district court had dismissed the petitioner's case without prejudice, which allowed the petitioner to refile his claim when the state process concluded); see also Mostly Memories, Inc. v. For Your Ease Only, Inc., 526 F.3d 1093, 1097 (7th Cir. 2008) ("A dismissal without prejudice is normally nonfinal because the plaintiff remains free to refile his case.") She may not, however, continue to pursue *this habeas* case.

In her original federal *habeas* petition, the petitioner stated the following in support of her claim of actual innocence:

> Petitioner is innocent of the crime in which she has been illegally convicted of and State of WI Fond Du Lac lacks evidence to prove beyond a reasonable doubt. Also there are no elements of the crime to constitute Petitioners alleged guilt of crime of Robbery of a Financial Institution. Petitioner is innocent of the crime and should have all charges vacated and Petitioner shall be exonerated and have record expunged.

Dkt. No. 1 at 7-8. This does not constitute evidence that no reasonable juror would have voted her guilty on the bank robbery charge. It does not constitute evidence at all, just assertions by the petitioner.

Similarly, in her memorandum in support of her petition, the petitioner restated her claim that she is innocent because she did not participate in the alleged crime, argued that the state lacked subject-matter jurisdiction to prosecute her, and argued that the state robbery statute did not have standardized elements. She also asserted that the state did not have evidence to convict her. Dkt. No. 7 at 1-2. Again, this is not evidence of innocence—it is argument.

Nowhere, in the many, many pages of pleadings that the petitioner has filed in the last eleven months, has the petitioner provided any facts or evidence to persuade this court that no reasonable juror could have convicted her of bank robbery. She has repeatedly asserted that she is innocent, but has provided no evidence supporting that assertion.

In short, the petitioner has not shown newly discovered evidence or a manifest error of law, and the court will deny her Rule 59(e) motion.

B. The Petitioner's Subsequent Motions

Because the court denies the motion to alter or amend its May 8, 2017 judgment, the petitioner's subsequent motions are either moot, or without merit.

Her June 1, 2017 motion to appoint counsel is moot, because she does not have a case pending before this court. Dkt. No. 46. If she needs counsel in the Court of Appeals, she may file a motion requesting that the appellate court appoint counsel.

Her June 1, 2017 motion for an evidentiary hearing is moot, because there is no claim upon which to have an evidentiary hearing. Dkt. No. 47.

The court will deny the petitioner's June 1, 2017 motion to stay the execution of her sentence. Dkt. No. 48. The petitioner already has begun serving her sentence, and there is no reason for the court to stay execution.

By this order, the court has ruled on the petitioner's Rule 59(e) motion, so it denies as moot her motion to expedite disposition. Dkt. No. 49.

The court denies the petitioner's letter motion for a new judge. Dkt. No. 59. The petitioner addressed this letter to Judge Charles N. Clevert, Jr.; Judge Clevert is not the presiding judge in this case, and he has retired from this court.

As to the substance of her motion, the petitioner argues that while this court gave the respondent sixty days to respond, while it gave her only seven days to respond to the respondent's motion to dismiss. Id. at 1. It is not clear

7

why the petitioner believes that this court gave her only seven days to respond to the respondent's motion to dismiss. When the petitioner filed her *habeas* petition last October, it was randomly assigned to Magistrate Judge Duffin. On November 18, 2016, because the petitioner had consented to Judge Duffin (an Article I judicial officer, who is not able to decide a civil case without the consent of both parties), Judge Duffin screened the petition, and allowed it to proceed. Dkt. No. 8. It was Judge Duffin who gave the respondent sixty days to respond to the petition. Id. at 2. Judge Duffin also gave the petitioner twenty-eight days to reply to the response. Id. Judge Duffin stated that, if the respondent filed a motion to dismiss, the respondent would have fourteen days after the petitioner filed her opposition to reply. Id. So *Judge Duffin* gave the petitioner twenty-eight days to respond to the motion to dismiss. The respondent filed the motion to dismiss on January 13, 2017, dkt. no. 14; the court received the petitioner's opposition brief on January 27, 2017—only fourteen days after it received the motion to dismiss. The petitioner could have had until February 10, 2017 to file her opposition brief. The court does not know why she did not take the full twenty-eight days Judge Duffin gave her. But this court—Judge Pepper—did not have any part in setting that schedule. Thus, the petitioner's argument that the briefing schedule demonstrates that this court is biased against her is without merit.

The court will deny the petitioner's motion for a change of venue. Dkt. No. 60. The petitioner cites 28 U.S.C. §144 in support of this motion; that is not a change-of-venue statute. That is a recusal statute. The plaintiff has

8

asserted that she did not consent to this court hearing her case; instead, she consented to Judge Duffin hearing her case. District court judges such as this court have the authority to decide civil cases without the party's consent, under 28 U.S.C. §1332 and the Constitution. Magistrate judges such as Judge Duffin, however, cannot decide a case unless both parties consent. 28 U.S.C. §636. It is true that the petitioner consented to Judge Duffin hearing her case, but the respondent did not. Therefore, Judge Duffin could not, under the law, decide the case, and it was reassigned to a district court judge. Further, the petitioner's disagreement with this court's decisions does not demonstrate that the court is biased against her.

The court will deny the petitioner's motion to add parties. Dkt. No. 63. The petitioner cannot file a *habeas* petition on behalf of someone else, so the court will not allow her to add Maranatha Henderson as a petitioner or Randall Hepp of Fox Lake Correctional Institution as a respondent.

The court will deny the petitioner's motion to produce copies free of charge. Dkt. No. 63. The fact that a person is indigent may give that party the ability to proceed in federal court without prepaying (or paying) the filing fee. But the court is not obligated to pay for an indigent party's litigation expenses. And this motion is moot, because the petitioner no longer has a case pending before this court.

The court will deny the petitioner's amended Rule 59(e) motion, because it does not present newly-discovered evidence or a manifest error of law or fact. Dkt. No. 64.

The court will deny the petitioner's motion for summary judgment, because such a motion is inapplicable in the *habeas* context, and because it is moot due to the fact that the court has dismissed the *habeas* petition. Dkt. No. 65.

The court denies as moot the petitioner's motion for judgment, which is actually a motion for an expedited ruling; the court has now ruled on the Rule 59(e) motion. Dkt. No. 67.

The court denies the petitioner's second motion to change judge, which is a repetition of her change of venue motion at dkt. no. 60, for the same reasons it provided with regard to that motion. Dkt. No. 69.

The court will deny the petitioner's second motion for summary judgment for the same reasons it denied the first one. Dkt. No. 75.

The court denies the petitioner's request to answer federal jurisdiction questions; this motion asks the court to provide the petitioner with legal advice. The court, as a neutral decision-maker, cannot give parties legal advice. Dkt. No. 77.

The court will deny the petitioner's request to transfer her to another institution. Dkt. No. 78. This court does not have the authority to order the Wisconsin Department of Corrections to place state prisoners in particular institutions.

Because the court now has ruled on the Rule 59(e) motion, the court will deny the petitioner's expedited motion for ruling as moot. Dkt. No. 79.

The court will deny the petitioner's motion for a jury trial on the Rule 59(e) motion. Dkt. No. 82. Judges, not juries, rule on motions, because motions involved legal decisions, rather than findings of fact.

The court will deny the petitioner's most recent motion to substitute a new judge, for the reasons it has denied similar prior motions. Dkt. No. 84.

III. **Conclusion**

The court **DENIES** the petitioner's motion to alter/amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Dkt. No. 45.

The court **DENIES AS MOOT** the petitioner's motion to appoint counsel. Dkt. No. 46.

The court **DENIES AS MOOT** the petitioner's motion for an evidentiary hearing. Dkt. No. 47.

The court **DENIES** the petitioner's motion to stay the execution of her sentence. Dkt. No. 48.

The court **DENIES AS MOOT** the petitioner's motion to expedite disposition. Dkt. No. 49.

The court **DENIES** the petitioner's letter motion for a new judge. Dkt. No. 59.

The court **DENIES** the petitioner's motion for a change of venue. Dkt. No. 60.

The court **DENIES** the petitioner's motion to add parties. Dkt. No. 62.

The court **DENIES** the petitioner's motion to produce copies free of charge. Dkt. No. 63.

The court **DENIES** the petitioner's amended Rule 59(e) motion. Dkt. No. 64.

The court **DENIES** the petitioner's motion for summary judgment. Dkt. No. 65.

The court **DENIES AS MOOT** the petitioner's motion for judgment. Dkt. No. 67.

The court **DENIES** the petitioner's second motion to change judge. Dkt. No. 69.

The court **DENIES** the petitioner's second motion for summary judgment. Dkt. No. 75.

The court **DENIES** the petitioner's request to answer federal jurisdiction questions. Dkt. No. 77.

The court **DENIES** the petitioner's request to transfer her to another institution. Dkt. No. 78.

The court **DENIES AS MOOT** the petitioner's expedited motion for ruling. Dkt. No. 79.

The court **DENIES** the petitioner's motion for a jury trial on the Rule 59(e) motion. Dkt. No. 82.

The court **DENIES** the petitioner's third motion to substitute a new judge. Dkt. No. 84.

Dated in Milwaukee, Wisconsin this 29th day of September, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge